UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXECUTIVE PARK PARTNERS LLC,

                Plaintiff,

-against-

BENICCI INC.,

                Defendant.

**ORDER**

22-CV-02560 (PMH)

PHILIP M. HALPERN, United States District Judge:

    On April 5, 2022, Executive Park Partners LLC ("Plaintiff") filed a Return of Service indicating that Benicci Inc. ("Defendant") had been "served by delivering . . . to: **KEVIN JARDENE**, a person in charge at the recipient's **PRIVATE MAILBOX** . . . ." (Doc. 6 (emphasis in original)). On April 27, 2022, Vladimir Kozhedub ("Kozhedub"), attempted to file a document entitled "Defendant's Answer, Affirmative Defenses and Counterclaim" as well as a Motion for Permission for Electronic Case Filing. (Doc. 7; Doc. 8). Kozhedub, in the latter documents, affirmed under penalty of perjury that he "submitted a *Non-Attorney* E-File Registration for the PACER system . . . ." (Doc. 8 ¶ 3 (emphasis added)).

    Based upon the information available to the Court, Kozhedub—who is not an attorney—intends to represent Defendant in this action. That request is DENIED. A corporation, which is an artificial entity, may only appear in federal court through a licensed attorney; it may not appear *pro se*. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22-23 (2d Cir. 1983). This "rule has been applied to dismiss any action or motion filed by a corporation purporting to act pro se." *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006). "[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be

entered against it pursuant to Rule 55, Fed. R. Civ. P." *Id*. (internal quotation marks and alterations omitted).

Defendant must obtain representation through a licensed attorney to appear in this case. Failure to do so may be grounds for a default judgment under Federal Rule of Civil Procedure 55. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011); *Grace*, 443 F.3d at 192; *Eagle Assocs. v. Bank of Montreal*, 925 F.2d 1305, 1310 (2d Cir. 1991).

Accordingly, it is hereby ordered that: **(1)** the time for Defendant to respond to the Complaint, in accordance with this Court's Individual Practices and through counsel, is extended *sua sponte* to and including May 27, 2022; **(2)** Kozhedub's request for permission to file electronically on behalf of Defendant is denied; and **(3)** Plaintiff shall serve a copy of this Order on Defendant and Kozhedub and file proof of service on the docket on April 29, 2022.

The Clerk of the Court is respectfully directed to: (a) terminate the designations of "Counter Claimant" and "Counter Defendant" on the docket, as no counterclaims have been alleged properly by counsel; and (b) strike the purported Answer, Affirmative Defenses and Counterclaim (Doc. 7) from the docket, but retain the docket text for the record.

**SO ORDERED:**

Dated: White Plains, New York
April 28, 2022

_____
PHILIP M. HALPERN
United States District Judge