

THE LAW OFFICE OF
# JASON B. LATTIMORE, ESQ.

...aw.com

...ore
(...J & NY)

> The request to seal portions of the transcript from the public July 19, 2022 pre-motion conference is denied.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 30.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         September 9, 2022

September 1, 2022

**VIA ELECTRONIC FILING**

Honorable Philip M. Halpern, U.S.D.J.
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:  *Executive Park Partners, LLC v. Benicci, Inc.*, Case No. 7:22-cv-02560-PMH

Dear Judge Halpern:

I represent Plaintiff, Executive Park Partners, LLC, in the above-referenced matter. Plaintiff respectfully submits this letter motion to redact certain portions of the transcript of the July 19, 2022 pre-motion conference in this matter.

Plaintiff specifically requests redaction of the following portions of the transcript:

1. Page 4, Lines 22-23, all words between "that" and "And"

2. Page 5, Lines 6-7 (all)

3. Page 5, Line 19, the word after "district"

4. Page 6, Line 24, all words between "X" and "in"

The pertinent pages of the transcript, with the proposed redactions highlighted, have been filed separately under seal as Exhibit A to this Letter Motion.

The information Plaintiff seeks to have redacted is confidential and concerns Plaintiff's product acquisition strategy and sourcing. Plaintiff does not share this information publicly. The information has specific competitive significance within the context of online product sales by third-party sellers and, if publicly available, could aid competitors of Plaintiff and harm Plaintiff's

Hon. Philip M. Halpern
September 1, 2022
Page 2 of 2

competitive standing.  *See* accompanying Declaration of Mendel Mendelovits.

Courts routinely redact and seal information under similar circumstances, recognizing that disclosure of commercially sensitive information could cause competitive harm.  As this Court has explained, "[c]ourts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of specific business information and strategies, which, if revealed, may provide insights into the company's business practices that another party could seek to exploit).

The requested redactions are minimal and limited to just those portions of the transcript that reveal the confidential information referenced above or from which one might derive such information.  Thus, the requested redactions are narrowly tailored to serve the protection of Plaintiff's legitimate business interests and are otherwise consistent with the presumption in favor of public access to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Plaintiff has requested Defendant's consent to the proposed redactions and a has submitted a copy of this letter motion to the court reporter.  Plaintiff will apprise the Court immediately upon receiving a response from Defendant regarding this motion.

           Respectfully,

           s/ Jason B. Lattimore

           Jason B. Lattimore

cc:  All counsel of record (by e-filing)