

> Plaintiff's request to seal portions of its memorandum of law and declaration in opposition to Defendant's motion to dismiss (Doc. 39; Doc. 40) is denied. The Clerk of Court is respectfully directed to unseal Doc. 39 and Doc. 40 and terminate the motion sequence pending at Doc. 37.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>            May 16, 2023

September 7, 2022

**VIA ELECTRONIC FILING**

Honorable Philip M. Halpern, U.S.D.J.
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:  *Executive Park Partners, LLC v. Benicci, Inc.*, Case No. 7:22-cv-02560-PMH

Dear Judge Halpern:

    I represent Plaintiff, Executive Park Partners, LLC, in the above-referenced matter. Plaintiff respectfully submits this letter motion to redact Plaintiff's Opposition to Defendant's Motion to Dismiss and the accompanying Declaration of Mendel Mendelovits.

    Redacted, public versions of these document are being filed on the public docket and versions of each of the documents with the information Plaintiff seeks to protect highlighted are being filed under seal as per the Court's Individual Rules.

    The information Plaintiff seeks to have redacted is confidential and concerns Plaintiff's product acquisition, marketing and sourcing strategies.  Plaintiff does not share this information publicly.  The information has specific competitive significance within the context of online product sales by third-party sellers and, if publicly available, could aid competitors of Plaintiff and harm Plaintiff's competitive standing.  *See* accompanying Declaration of Mendel Mendelovits.

    Courts routinely redact and seal information under similar circumstances, recognizing that disclosure of commercially sensitive information could cause competitive harm.  As this Court has explained, "[c]ourts may deny access to records that are 'sources of business information that

**Hon. Philip M. Halpern**
**September 7, 2022**
**Page 2 of 2**

might harm a litigant's competitive standing.'" *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of specific business information and strategies, which, if revealed, may provide insights into the company's business practices that another party could seek to exploit).

The requested redactions are minimal and limited to just those portions of the filings that reveal the confidential information referenced above or from which one might derive such information. Thus, the requested redactions are narrowly tailored to serve the protection of Plaintiff's legitimate business interests and are otherwise consistent with the presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Defendant does not consent to the proposed redactions.

    Respectfully,

    s/ Jason B. Lattimore

    Jason B. Lattimore

cc: All counsel of record (by e-filing)